**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ROBERT D. FITZGERALD and THE TROY
POLICE BENEVOLENT AND PROTECTIVE
ASSOCIATION, INC.,**

                           **Plaintiffs,**

  vs.                                                    1:10-cv-451
                                                               (MAD/RFT)

**CITY OF TROY, NEW YORK; HARRY
J. TUTUNJIAN, in both his individual capacity
and his official capacity as Mayor of the City
of Troy; JOHN TEDESCO, individually and as
an Assistant Chief of Police for the City of Troy;
DAVID MITCHELL, individually; JANE ROE,
individually and in her official capacity as a
representative of the City of Troy; and JOHN
DOE, individually and in is official capacity as a
representative of the City of Troy,**

                            **Defendants.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**GLEASON, DUNN, WALSH & O'SHEA**      **MARK T. WALSH, ESQ.**
40 Beaver Street
Albany, New York 12207
Attorneys for Plaintiffs

**NAPIERSKI, VANDENBURGH, NAPIERSKI**  **THOMAS J. O'CONNOR, ESQ.**
**& O'CONNOR, LLP**                          **ASA S. NEFF, ESQ**.
296 Washington Avenue Extension
Albany, New York 12203
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

# MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On April 15, 2010, Plaintiffs commenced this action alleging that Defendants, among other things, violated their rights under the First, Second, Fourth, and Fourteenth Amendments to the United States Constitution. *See* Dkt. No. 1. Plaintiffs also alleged several state-law claims and a violation of the Fair Labor Standards Act. *See id.* On December 30, 2010, Plaintiffs amended their complaint. *See* Dkt. No. 39.

In a November 28, 2012 Memorandum-Decision and Order, the Court granted in part and denied in part Defendants' motion for summary judgment. *See* Dkt. No. 119. Specifically, the Court dismissed Plaintiffs' Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Causes of Action and Plaintiffs' remaining claims against Defendant Mitchell.

Currently before the Court is Defendants' motion for reconsideration of the Court's November 28, 2012 Memorandum-Decision and Order. *See* Dkt. No. 132.

## II. BACKGROUND

**A.     Facts**

The Court assumes the parties' familiarity with the factual background and refers to and incorporates the findings set forth in its November 28, 2012 Memorandum-Decision and Order. The Court will only restate those facts relevant to the instant motion.

**B.     The Court's November 28, 2012 Memorandum-Decision and Order**

In its November 28, 2012 Memorandum-Decision and Order, the Court granted in part and denied in part Defendants' motion for summary judgment. *See* Dkt. No. 119. Specifically, as relevant here, the Court denied Defendants' motion for summary judgment on Plaintiffs' First, Second, and Third Causes of Action (the "First Amendment retaliation claims"). The Court found that Plaintiffs had adduced evidence sufficient to survive summary judgment with respect to whether: Plaintiff Fitzgerald suffered an adverse employment action; Plaintiffs could establish

2

a causal relationship between Plaintiff Fitzgerald's protected speech and the allegedly retaliatory action; and Defendant Tedesco was personally involved in the allegedly retaliatory conduct. The Court also denied Defendants' motion for summary judgment on the grounds of qualified immunity as to Defendants Tutunjian and Tedesco.

**C.    Defendants' Motion for Reconsideration**

In their motion to reconsider, Defendants assert that "the Court overlooked controlling case law and factual matters that require, upon reconsideration, a modification of the Court's determination, and dismissal of the three First Amendment retaliation claims against defendants Tutunjian, Tedesco, and the City of Troy." Dkt. No. 132 at 23. Defendants contend that the Court erred in finding that "Plaintiff Fitzgerald has put forth sufficient evidence to suggest that he suffered an adverse employment action," on the grounds that the Court overlooked and/or misinterpreted certain facts relevant to this issue. *See id.* at 5-8 (quoting November 28, 2012 Memorandum-Decision and Order at 23). Defendants also contend that the Court erred, when considering the issue of causation, by its "failure to include in the Court's analysis plaintiff Fitzgerald's telephone call to Officer Seney, on the evening of April 13, 2007, as reported in Officer Seney's April 15, 2007 report." *Id.* at 10. Defendants further contend that the Court should reconsider its findings regarding whether Defendants had sufficiently shown that "but for Plaintiff Fitzgerald's protected activity, they would have still placed him on administrative leave," Dkt. No. 119 at 27, and Plaintiff Fitzgerald's "potential disruptiveness was enough to outweigh the value of the speech or that Plaintiff Fitzgerald was placed on administrative leave based on this potential for disruption and not in retaliation for his speech," *id. See* Dkt. No. 132 at 17-19. In addition, Defendants argue that the Court erred when it determined that there was sufficient evidence of Defendant Tedesco's personal involvement in the First Amendment retaliation

3

claims, again on the grounds that the Court overlooked and/or misinterpreted certain facts relevant to this issue. *See* Dkt. No. 132 at 14-16. Finally, Defendants assert that the Court erred in its application of the facts to controlling case law and should have granted summary judgment on the grounds of qualified immunity to Defendants Tutunjian and Tedesco. *See id.* at 19-23. Defendants' motion is brought "pursuant to L.R. 7.1(g), Fed. R. Civ. P. 54(b) and, to the extent the denial of qualified immunity may be deemed a 'Final Order,' pursuant to Fed. R. Civ. P. 60(b)." Dkt. No. 137 at 1.

Plaintiffs oppose Defendants' motion to reconsider. *See* Dkt. No. 134.[1] Specifically, Plaintiffs argue that Defendants have failed to meet their burden under the strict standards applied on a motion for reconsideration, and that Defendants' motion is merely an attempt to relitigate issues already decided and/or present facts and arguments to the Court that should have been presented in Defendants' underlying motion for summary judgment. *See id.* at 3-18.

## III. DISCUSSION

### A. Standard

Rule 60(b) provides that, upon a motion and just terms, the court may relieve a party from a final judgment, order or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence . . . ;
> (3) fraud . . . , misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; . . . or

---

[1] In their opposition to Defendants' motion for reconsideration, Plaintiffs argued that the Court does not have jurisdiction to grant Defendants' motion because Defendants had filed a notice of appeal with the Second Circuit Court of Appeals prior to filing the instant motion. *See id.* at 1-3. This argument is now moot by virtue of the Second Circuit's May 8, 2013, mandate disposing of the appeal, *see* Case No. 13-32, Dkt. No. 38, and subsequent denial of Defendants' motion to recall the mandate and reinstate the appeal, *see id.*, Dkt. No. 47.

> (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

"[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Relief under Rule 60 is considered "extraordinary judicial relief[.]" *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). For that reason, the motion will generally be denied unless the moving party can show that the court overlooked facts or controlling law that "might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257 (citations omitted). Generally, "[a] court may justifiably reconsider its previous ruling if: (1) there is an intervening change in controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995). Motions to vacate or to reconsider should not be granted if a moving party seeks only to relitigate an issue that has already been fully considered by the court. *Shrader*, 70 F.3d at 257. The Second Circuit has warned that a Rule 60 motion may not be used as a substitute for appeal and that a claim based on legal error alone is inadequate. *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009).

A party may only move for reconsideration of an order pursuant to Rule 60(b) if that order is final. *See Indem. Ins. Co. of N. Am. v. Reisley*, 153 F.2d 296, 299 (2d Cir. 1946) (footnote omitted). An order that "adjudicate[s] fewer than all the claims or the rights and liabilities of fewer than all the parities," is not a final order. *Frazier v. Turning Stone Casino*, No. 02-131, 2005 WL 2033483, *1 (N.D.N.Y. Aug. 16, 2005). Rule 60 does not apply to the instant motion because the order in question is not a final one as the order resulted in a partial granting and

5

partial denial of a motion for summary judgement.² *See Floyd v. City of New York*, 813 F. Supp. 2d 457 (S.D.N.Y.) (noting that because order granted in part and denied in part defendants' motion for summary judgment "it was not appealable and thus not final for the purposes of Rule 60(b)"). Rather, Defendants' motion for reconsideration is governed by Rule 54(b) and Local Rule 7.1(g).

Rule 54(b) provides in relevant part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Motions under Rule 54(b) are subject to the law-of-the-case doctrine. *In re Rezulin Liability Litigation*, 224 F.R.D. 346, 349 (S.D.N.Y. 2004). This means that the decisions referenced in Rule 54(b) "may not usually be changed unless there is 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" *Official Comm. of Unsecured Creditors of the Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). This allows for decisions to be revisited, "subject to the caveat that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Id.* (citing *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir.1964)).

The objective of the law-of-the-case doctrine "include[s] promoting efficiency and avoiding endless litigation by allowing 'each stage of the litigation [to] build on the last and not

---

² Defendants acknowledge that "Rule 60(b) is, concededly, an unlikely predicate for the relief requested[.]" Dkt. No. 137 at 1 n.1.

afford an opportunity to reargue every previous ruling.'" *In re Rezulin Liability Litigation*, 224 F.R.D. at 349-50 (quoting *Tri-Star Pictures, Inc. v. Leisure Time Prod., B.V.*, No. 88-9127, 1992 WL 296314, *2 (S.D.N.Y. Oct. 6, 1992) (citation omitted)). Therefore, without good reason "a court will 'generally adhere to [its] own earlier decision on a given issue in the same litigation.'" *Id.* at 350 (quoting *Tri-Star Pictures, Inc.*, 1992 WL 296314, at *2 (citation omitted)).

Local Rule 7.1(g) provides as follows, in pertinent part:

> Motion for Reconsideration. Unless Fed. R. Civ. P. 60 otherwise governs, a party may file and serve a motion for reconsideration or reargument no later than FOURTEEN DAYS after the entry of the challenged judgment, order, or decree.

N.D.N.Y. L.R. 7.1(g).

The standards for motions under local district court rules are very similar to those used for motions to reconsider under Rule 60(b). *See McAnaney v. Astoria Fin. Corp.*, No. 04-1101, 2008 WL 222524, *3 (E.D.N.Y. Jan. 25, 2008) (discussing standards). "'In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements.'" *Id.* (quoting *C-TC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 2 (N.D.N.Y. 1995)). A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257. As under the federal rules, the local rule "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Maye v. New York*, No. 10-1260, 2011 WL 4566290, *2 (quoting *In re C-TC 9th Ave. P'ship*, 182 B.R. at 3). A motion for reconsideration is not "an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue." *Drapkin v.*

7

*Mafco Consol. Group*, 818 F. Supp. 2d. 678, 697 (S.D.N.Y. 2011) (quotation and citations omitted).

Defendants do not assert an intervening change in controlling law or the existence of new evidence not previously available. Thus, in resolving Defendants' motion for reconsideration, the Court will determine whether the November 28, 2012 Memorandum-Decision and Order should be altered in order to correct a clear error of law or prevent manifest injustice.

**B.  Analysis**

Contrary to Defendants' assertions, none of the contested rulings in the Court's March 28, 2012 Memorandum-Decision and Order were clear error or would result in manifest injustice. The Court will address each in turn.

### 1.  Adverse Employment Action

In its November 28, 2012 Memorandum-Decision and Order, the Court found the following undisputed facts. Plaintiff Fitzgerald was placed on administrative leave, questioned as part of an internal investigation arising from Officer Seney's complaint regarding his encounter with Fitzgerald, required to turn in his police identification, weapons, and keys to the building, and instructed to submit to an examination by a psychiatrist. Plaintiff Fitzgerald was not permitted to enter the building where the PBA office is located; and, therefore, he was unable to conduct his usual PBA activities. After Plaintiff Fitzgerald was permitted to reenter the Public Safety buildings, he was advised that when he wished to enter, he would have to use the public access door and wait for a management-designated police officer to escort him at all times while in the building. While he was in the PBA office, the police escort was stationed in a chair placed immediately outside the door to the office. *See* Dkt. No. 119 at 12-14.

Based upon these findings, the Court held that "Plaintiff Fitzgerald has put forth sufficient evidence to suggest that he suffered an adverse employment action." *Id.* at 23. In their motion for reconsideration, Defendants direct the Court's attention to a series of factual findings that they suggest were erroneous. None of the arguments presented by Defendants presents a compelling basis for the Court to depart from its finding that, viewing the facts in a light most favorable to Plaintiffs, a reasonable jury could conclude that Fitzgerald suffered an adverse employment action. Defendants have presented no new facts, nor any facts overlooked by the Court, that compel a different result. Rather, Defendants' motion for reconsideration states their own interpretation of the relevant facts *See Henderson v. City of New York*, 2011 WL 5513228, *3 (E.D.N.Y. Nov. 10, 2011) (rejecting a party's "attempt to advance a new interpretation of the facts" on a motion for reconsideration). This is an attempt "to relitigate an issue already decided," *Shrader*, 70 F.3d at 257, and is not proper basis upon which to grant a motion for reconsideration.

### 2. Causation

With respect to causation, Defendants argue that "a material and critical omission in the Court's November 28, 2012 Decision was the failure to include in the Court's analysis plaintiff Fitzgerald's telephone call to Officer Seney, on the evening of April 13, 2007, as reported in Officer Seney's April 15, 2007 report." Dkt. No. 132 at 10. This is another attempt by Defendants to relitigate an issue already decided, and is an inappropriate basis for a motion for reconsideration. Nevertheless, the Court has carefully reviewed the facts set forth in Defendants' motion for reconsideration regarding this telephone call and finds that it would not change the Court's analysis. Rather, the import of the phone call, along with the parties' respective

contentions regarding any other relevant facts, is to be resolved by a finder of fact and not by the Court as a matter of law.

### 3. Rebuttal of Plaintiffs' *Prima Facie* Case

Defendants raise two issues with the Court's analysis. First, Defendants argue that the undisputed facts establish that Defendant Tutunjian's apprehension of Plaintiff Fitzgerald's "actual and potential disruption of the Troy Police Department outweighed the value of [Fitzgerald's] protected speech." This issue concerns balancing the interests of the employee in commenting upon matters of public concern and the interest of the public employer in promoting the efficiency of the public services it performs. *See Pickering v. Board of Ed. of Twp. High School Dist. 205*, 391 U.S. 563, 568 (1968).

Second, Defendants contend that "[Defendant] Tutunjian had a discrete non-retaliatory basis to place plaintiff Fitzgerald on administrative leave and to request a psychological evaluation." Dkt. No. 132 at 19. This argument concerns Defendants' burden to "demonstrate that even without the impetus to retaliate he would have taken the action complained of[.]" *Hartman v. Moore*, 547 U.S. 250, 260 (2006).

Again, Defendants have failed to raise a sufficient basis for this Court to reconsider its prior ruling. "[D]isagreement with the court's ruling or legal judgment is not a basis for reconsideration." *Johnson v. Toffey*, No. 01-1907, 2011 WL 3841540, *3 (N.D.N.Y. Aug. 24, 2011) (citing *Concerned Citizens of Chappaqua v. U.S. Dep't of Transp.*, No. 08-7325, 2009 WL 1158966, *2 (S.D.N.Y. Jan. 13, 2009). Moreover, the Court notes these arguments were briefed in conclusory fashion in the underlying motion for summary judgment (as well as the motion for reconsideration). "It is not enough . . . that [the moving party] could now make a more persuasive argument[.]" *Sumner v. McCall*, 103 F. Supp. 2d 555, 558 (quoting *Fogel v. Chestnutt*, 668 F.2d

10

100, 109 (2d Cir. 1981) (alterations in original). In these circumstances, Defendants cannot be permitted "a second bite of the apple." *See Johnson v. Lynn-Caron*, No. 11-386, 2012 WL 3888175, *4 (Sept. 7, 2012) (quotation and citation omitted).

### 4. Defendant Tedesco's Personal Involvement

The Court found in its November 28, 2012 Memorandum-Decision and Order that "Plaintiffs have presented sufficient evidence to create issues of fact regarding whether Defendants Tutunjian and Tedesco retaliated against them in violation of their First Amendment rights." Dkt. No. 119 at 33. Defendants now assert that "the proof in the record is deficient with respect to plaintiffs' claim that Chief Tedesco violated plaintiffs' First Amendment rights." Dkt. No. 132 at 14.

As an initial matter, it appears that Defendants failed to raise this argument in their motion for summary judgment and, to the extent it was raised on reply, the argument was specific to the insufficiency of Plaintiffs' proof of conspiracy. *See* Dkt. No. 114-1 at 9, 18-19.[3] Thus, Defendants failed to properly raise this argument as a grounds for summary judgment on Plaintiffs' First Amendment retaliation claims. Defendants' motion can be denied on that basis alone. *See, e.g., Gonzalez-Blanco v. Bank of America*, No. 1107139, 2012 WL 19383, *2 (S.D.N.Y. Jan. 3, 2012) (citations omitted).

Notwithstanding this failure the Court finds, as to the instant motion to reconsider, that Defendants have not presented the Court with anything "that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257. As with several of

---

[3] The Court granted Defendants' motion for summary judgment with respect to the conspiracy claims. *See* Dkt. No. 119 at 43.

Defendants' other arguments, the Court rejects Defendants' attempt to advance a new interpretation of the facts or to relitigate an issue already decided.

### 5. **Qualified Immunity**

The Court denied Defendants' motion for summary judgment on the grounds of qualified immunity as to Defendants Tutunjian and Tedesco because "[t]he law was clearly established at the time of the alleged retaliatory conduct that a government entity 'may not inflict an adverse employment decision upon an employee in retaliation for the employee's exercise of his First Amendment rights" and issues of fact remain to be resolved prior to determining whether Defendants are entitled to this defense. Dkt. No. 119 at 48. Defendants raise several arguments regarding Defendants Tutunjian's and Tedesco's entitlement to qualified immunity that were not raised in their underlying motion for summary judgment. For the reasons discussed *supra*, Defendants' motion for reconsideration should be denied on this basis alone.

As to the merits of Defendants' arguments for reconsideration, the Court is mindful that a motion for reconsideration may not be used as a substitute for appeal and that a claim based on legal error alone is an inadequate basis for reconsideration. Again, Defendants here seek a second bite of the apple by rearguing an issue that this Court has already resolved. Mere disagreement among litigants and the court is not a basis for reconsideration. *See Lynch v. Southampton Animal Shelter Found.*, No. 10-2917, 2013 WL 1563468 (E.D.N.Y. Apr. 12, 2013) (citation omitted).

The Court has carefully reviewed Defendants' arguments in support of their motion for reconsideration on the issue of qualified immunity and declines to reconsider its prior ruling. Defendants cannot credibly contest that it was settled law in April 2007 that they could not retaliate against Plaintiffs' protected speech by way of an adverse employment decision. The Court has found that Plaintiffs have adequately pled and proven protected speech (Fitzgerald's

comments regarding the residency requirement), an adverse employment action (*e.g.*, administrative leave, internal investigation, psychological exam, and denial of entry to PBA office), and a causal connection between the protected speech and the adverse employment action sufficient to survive a motion for summary judgment.

Defendants contend that the adverse employment actions with respect to Plaintiff Fitzgerald were nonetheless objectively reasonable. However, "when there are facts in dispute that are material to a determination of reasonableness, dismissal on the basis of a qualified immunity defense is inappropriate." *Rivera v. Lawrence*, No. 05-967, 2009 WL 1734735, *7 (N.D.N.Y. 2009) (citing *Thomas v. Roach*, 165 F.2d 137, 143 (2d Cir. 1999) (other citation omitted). That is, whether Defendants maintained a good faith belief that their actions did not violate clearly established rights depends on the resolution of fact issues similar to those identified as precluding entry of summary judgment on the merits. Accordingly, the Court cannot determine Defendants' entitlement to qualified immunity as a matter of law at this time. *See Deal v. Yurack*, No. 04-0072, 2007 WL 2789615, *14 (N.D.N.Y. Sept. 24, 2007).

Based on the foregoing, the Court denies Defendants' motion for reconsideration of its November 28, 2012 Memorandum-Decision and Order.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion for reconsideration is **DENIED**; and the Court further

**ORDERS** that the parties' counsel shall be available for a telephone conference on Tuesday, October 8, 2013 at 10:00.am. to discuss setting a trial date. Defendants' counsel shall initiate the call using a professional teleconferencing service; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 27, 2013
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge